# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                                     Case No. 16-20021-JAR

MARIO ULISES MORENO-AYALA,

     Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Mario Ulises Moreno-Ayala's Objection Number One to the Presentence Investigation Report ("PSR") (Doc. 24). Defendant objects to the use of the 2016 version of the United States Sentencing Guidelines ("U.S.S.G.") to calculate his adjusted offense level pursuant to § 2L1.2. Rather, he argues the 2015 version of the U.S.S.G. should have been used because it would have resulted in a lower Guideline sentencing range. In support of his objection, he filed a Sentencing Memorandum (Doc. 25). The Government responded to the Sentencing Memorandum and filed a supplemental response.[1] The Court held a sentencing hearing and heard oral argument on Defendant's Objection on April 3, 2017, at which time the Court took the Objection under advisement. After considering the Objection, the sentencing memorandum and responses, and the parties' arguments at the April 3 hearing, the Court is prepared to rule. For the reasons stated below, Defendant's Objection Number One to the PSR is overruled.

---

[1] Docs. 26, 28.

## I.    Background

On March 17, 2016, a grand jury returned a one-count Indictment against Defendant, which charged him with Unlawful Reentry Following Deportation for a Felony in violation of 8 U.S.C. §§ 1326(a), (b).[2]  These charges stemmed from a February 16, 2016 traffic stop where Defendant was found in the passenger seat.  Prior to the 2016 traffic stop, Defendant was convicted on June 20, 2012 of Reentry Following Deportation for an Aggravated Felony. Defendant was convicted in 2009 for automobile burglary in Wyandotte County, Kansas.

On November 15, 2016, Defendant appeared with counsel and pled guilty to Count 1 of the Indictment— Unlawful Reentry Following Deportation for a Felony.  There was no plea agreement.  The base offense level calculated in the PSR was 8.[3]  Defendant received a four-level enhancement for committing the instant offense after sustaining a conviction for a felony that is an illegal reentry offense.[4]  Defendant received another four-level enhancement for being previously deported following a felony for his conviction for an automobile burglary in Wyandotte County.[5]  His adjusted offense level was 16.  He received a three-level reduction for acceptance of responsibility.[6]  His total offense level was calculated as 13 with a criminal history category of IV, which led to a Guidelines sentencing range of 24-30 months.

Under the 2016 U.S.S.G., § 2L1.2 sets his base offense level at 8 with a four-level enhancement for his prior felony reentry offense under § 2L1.2(b)(1)(A) and a four-level enhancement for his prior felony (automobile burglary) under § 2L1.2(b)(2)(D).  Thus, his adjusted offense level is 16 under the 2016 U.S.S.G.  By contrast, Defendant argues under the

---

[2] Doc. 1.

[3] Doc. 24 ¶ 14.

[4] *Id.* ¶ 15 (citing U.S.S.G. § 2L1.2(b)(1)(A)).

[5] *Id.* ¶ 16 (citing U.S.S.G. § 2L1.2(b)(2)(D)).

[6] *Id.* ¶¶ 22, 23 (citing U.S.S.G. §§ 3E1.1(b)).

2015 U.S.S.G., he would have a base offense level of 8 with a four-level enhancement under § 2L1.2(b)(1)(D).  He argues that the 2015 U.S.S.G. eight-level enhancement under § 2L1.2(b)(1)(C) would not apply because he does not have a prior conviction that is considered an aggravated felony.  Thus, his adjusted offense level would be 12 under the 2015 U.S.S.G.

The Government responds that using either the 2015 or 2016 U.S.S.G., Defendant has an adjusted offense level of 16.  Under the 2016 U.S.S.G., Defendant's adjusted offense level is 16 based on the base offense level of 8 plus a four-level enhancement for § 2L1.2(b)(1)(A) and a four-level enhancement for § 2L1.2(b)(2)(D).  The Government argues that under the 2015 U.S.S.G., Defendant's adjusted offense level is 16 based on a base offense level of 8 plus an eight-level enhancement under § 2L1.2(b)(1)(C) because the Wyandotte County conviction for automobile burglary is considered an aggravated felony.  The Government argues that in Defendant's prior 2012 Unlawful Reentry Following Deportation case, his automobile burglary conviction was considered an aggravated felony and he did not object.[7]

## II.    Discussion

Defendant argues that use of the 2016 U.S.S.G. violates the ex post facto clause because its use results in a higher Guidelines sentencing range.  The general rule is that the Court shall use the U.S.S.G. Manual in effect on the date that the defendant is sentenced.[8]  However, an ex post facto violation occurs when "a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense."[9]  The 2016 U.S.S.G. became effective on November 1, 2016.  Defendant committed the instant offense on February

---

[7] Gov't Ex. 1 (United States v. Moreno-Ayala, No. 12-CR-20042-CM (D. Kan.)).

[8] U.S.S.G. § 1B1.11.

[9] *Peugh v. United States*, 133 S. Ct. 2072, 2078 (2013).

16, 2016, so the 2015 U.S.S.G. was in effect on the date he committed his criminal act.  Thus, if the 2016 U.S.S.G. resulted in a higher Guideline sentencing range as Defendant suggests, the 2015 U.S.S.G. should be applied.

The issue is whether the 2015 U.S.S.G. results in a lesser Guideline sentencing range than the 2016 U.S.S.G.  The provisions at issue in the 2016 and 2015 U.S.S.G. read as follows:

| U.S.S.G. year | U.S.S.G. section | Provision |
| --- | --- | --- |
| **2015** | § 2L1.2(b)(1)(C) | If the defendant previously was deported, or unlawfully remained in the United States, after a conviction for an *aggravated felony*, increase by 8 levels. |
| | § 2L1.2(b)(1)(D) | If the defendant previously was deported, or unlawfully remained in the United States, after a conviction for *any other felony*, increase by 4 levels. |
| **2016** | § 2L1.2(b)(1)(A) | If the defendant committed the instant offense after sustaining a conviction for a felony that is an illegal reentry offense, increase by 4 levels. |
| | § 2L1.2(b)(2)(D) | If, before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant sustained, a conviction for any other felony offense (other than an illegal reentry offense), increase by 4 levels. |

Defendant's base offense level is 8.[10]  Under the 2016 U.S.S.G., Defendant has essentially conceded the applicability of the four-level enhancement in § 2L1.2(b)(1)(A) for sustaining a conviction for illegal reentry and the four-level enhancement in § 2L1.2(b)(2)(D) for sustaining a conviction for any other felony offense.  Thus, under the 2016 U.S.S.G, his undisputed adjusted offense level would be 16.

Under the 2015 U.S.S.G., Defendant has conceded the applicability of the four-level enhancement in § 2L1.2(b)(1)(D) for sustaining a conviction for any other felony.  Defendant challenges the applicability of the eight-level enhancement in § 2L1.2(b)(1)(C) for sustaining a

---

[10] U.S.S.G. § 2L1.2.

conviction for an aggravated felony under the 2015 U.S.S.G. Defendant argues his 2009 Kansas state conviction for automobile burglary is not considered an aggravated felony. Thus, Defendant argues under the 2015 U.S.S.G, his adjusted offense level would be 12.

The Government argues that his 2009 Kansas state conviction for automobile burglary is an aggravated felony. Thus, the Government argues under the 2015 U.S.S.G, his adjusted offense level would be 16, like under the 2016 U.S.S.G. The Court must determine whether Defendant's 2009 Kansas state automobile burglary conviction is an aggravated felony for purposes of § 2L1.2(b)(1)(C) of the 2015 U.S.S.G.

For purposes of § 2L1.2(b)(1)(C) of the 2015 U.S.S.G., "aggravated felony" has the meaning given that term in § 1101(a)(43) of the Immigration and National Act ("INA") (8 U.S.C. § 1101(a)(43)) without regard to the date of conviction for the aggravated felony.[11] In INA § 1101(a)(43)(G), aggravated felony includes a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment was at least one year. Thus, INA § 1101(a)(43)(G) refers to the generic offenses, which means it refers to those offenses as they are generally committed.[12]

### 1. Categorical or Modified Categorical Approach

When a defendant contests whether his prior conviction is an "aggravated felony," the Court must use the categorical approach.[13] The categorical approach looks only to the fact of conviction and the statutory definition of that offense.[14] However, if the statute involves conduct which may or may not encompass conduct constituting an aggravated felony, the modified

---

[11] U.S.S.G. § 2L1.2 Application Note 3(A) (2015).

[12] *United States v. Venzor-Granillo*, 668 F.3d 1224, 1227 (10th Cir. 2012).

[13] *Id.* (citing *Taylor v. United States*, 495 U.S. 575, 600–02 (1990)); *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).

[14] *United States v. Navarro*, 536 F. App'x 823, 825 (10th Cir. 2013) (citing *United States v. Hernandez–Rodriguez*, 388 F.3d 779, 782 (10th Cir. 2004)).

categorical approach allows the district court to "look to the charging paper and judgment of conviction" to determine if the actual offense the defendant was convicted of qualifies as an aggravated felony.[15] The purpose of this modified categorical approach "is to enable the sentencing court to identify those facts that necessarily supported a prior conviction," including "whether the jury necessarily had to find, or the defendant necessarily admitted, facts" satisfying the definition or elements of the offense for which an enhancement may be given.[16] The modified categorical approach applies whenever a statute of conviction is ambiguous because it "reaches a broad range of conduct, some of which merits an enhancement and some of which does not."[17]

Turning to the statute at issue, K.S.A. § 21-3715 reads:

Burglary is knowingly and without authority entering into or remaining within any:

(a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;

(b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or

(c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein.

The Court must employ the modified categorical approach. That approach allows the court to look at a limited class of documents to determine whether Defendant's conviction was under subsection (a), (b), or (c). According to Defendant's Petition to Enter a Plea of Guilty in

---

[15] *Id.* (citing *Hernandez-Rodriguez*, 388 F.3d at 782–83).

[16] *Venzor–Granillo*, 668 F.3d at 1231; *cf. Descamps v. United States*, 133 S.Ct. 2276, 2283, 186 (2013) (holding that the modified categorical approach does not apply to statutes "that contain a single, indivisible set of elements sweeping more broadly than the corresponding generic offense.").

[17] *Id.* (citing *United States v. Martinez-Hernandez*, 422 F.3d 1084, 1086 (10th Cir. 2005)).

the automobile burglary case, Defendant was convicted under K.S.A. § 21-3715(c).[18]  Further, as

in *United States v. Venzor-Granillo*, K.S.A. § 21-3715(c) is ambiguous because it "reaches a

broad range of conduct, some of which merits an enhancement and some of which does not."[19]

The Court may employ the modified categorical approach also to determine whether Defendant

intended to "commit a felony, theft, or sexual battery therein."  Based on the charging

documents, the Court determines Defendant intended to commit theft.[20]

### 2. Kansas Burglary (K.S.A. § 21-3715) and Elements of Generic Offense

The Court must first decide whether to use the generic definition of attempted theft or the

generic version of burglary.  Defendant argues that the Court should use the generic definition of

burglary from the Supreme Court's definition in *Taylor v. United States*, which states "the

generic, contemporary meaning of burglary contains at least the following elements: an unlawful

or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a

crime."[21]  Defendant argues that the Kansas statute is broader because the Kansas statute does

not include just buildings, but rather it includes cars, boats, or airplanes.

The Government responds that the Court should use the generic definition of attempted

theft as described in *United States v. Venzor Granillo*.[22]  In *Venzor Granillo*, the Tenth Circuit

considered whether Colorado criminal trespass—"knowingly and unlawfully enter[ing] or

remain[ing] in a dwelling of another or if such person enters any motor vehicle with intent to

---

[18] Gov't Ex. 2.

[19] *Venzor-Granillo*, 668 F.3d at 1231.

[20] Gov't Ex. 2 (stating in the Information that Defendant "did unlawfully, knowingly and without authority enter into an automobile . . . with the intent to commit a theft therein.").

[21] 495 U.S. 575, 599 (1990).

[22] *Venzor-Granillo*, 668 F.3d at 1232.

commit a crime therein"—was an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C).[23]

The Tenth Circuit determined that the defendant received a conviction for entering a motor

vehicle "with intent to commit therein the crime of THEFT."[24]  Therefore, the Tenth Circuit used

the generic definition of a theft offense, which it defined as "a taking of property or an exercise

of control over property without consent with the criminal intent to deprive the owner of rights

and benefits of ownership, even if such deprivation is less than total or permanent."[25]  Defendant

argues that use of the definition in *Venzor Granillo* is improper because (1) the Court should use

the categorical approach without regard to the facts of the underlying conviction and (2) *Venzor*

*Granillo* has been overruled by *Mathis v. United States*.[26]  The Government responds that *Venzor*

*Granillo* was not overruled by *Mathis* because *Mathis* is an Armed Career Criminal Acts

("ACCA") case.  The Court agrees *Mathis* has not overruled *Venzor-Granillo*.

   The Court determines that the instant offense must be compared to both the generic

definition of burglary and theft.  Defendant's counsel conceded as much during oral arguments

on this objection.  He stated that the Court needed to decide whether the instant offense

"punish[ed] more conduct than the generic definition of a theft offense or attempted theft

offense."[27]  Thus, both the generic definition of burglary and the generic definition of theft are

applicable to the analysis of whether an aggravated felony exists.

   The Court first must decide whether K.S.A. § 21-3715(c) is the "same as, or narrower

than" the generic definition of burglary—1) unlawful or unprivileged entry into, or remaining in,

---

[23] *Id.*

[24] Id.

[25] Id.

[26] 136 S. Ct. 2243, 2254 (2016).

[27] Sentencing Transcr. at 6:22–24.

2) a building or structure, 3) with intent to commit a crime.[28]  A side-by-side comparison of the elements of Kan. Stat. Ann. § 21-3715(c) with generic burglary reveals that K.S.A. § 21-3715(c) is broader:

| Federal Generic Burglary | K.S.A. § 21-3715(c) |
|---|---|
| An unlawful entry or remaining in | Knowingly and without authority entering into or remaining within |
| A building or other structure | A motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property |
| With intent to commit a crime | with intent to commit a felony, theft or sexual battery therein |

The locational element of K.S.A. § 21-3715(c) includes "motor vehicle, aircraft, watercraft, railroad car, or other means of conveyance of persons or property."[29]  In *United States v. Marquez*, another court in this District found where the statute includes a vehicle as a possible location to burgle, the relevant statute is broader than generic burglary.[30]  This conclusion was based on *Mathis*, where the Supreme Court concluded that Iowa's burglary statute covered a greater swath of conduct than generic burglary because it reached a broader range of places by covering vehicles.[31]  Thus, because K.S.A. § 21-3715(c) covers motor vehicles, which is not included in the generic definition of burglary, the relevant Kansas statute covers a greater swath of conduct.

---

[28] *Mathis*, 136 S. Ct. at 2257.

[29] Defendant made argument under *State v. Cook*, 191 P.3d 294 that the language "entering into or remaining within" in K.S.A. § 21-3715 are not divisible and are factual means of committing the crime. Defendant is correct that "entering into" and "remaining within" refer to legally distinct factual situations.  *State v. Frierson*, 319 P.3d 515, 522 (Kan. 2014).  Under *Mathis*, alternative means, or "various factual ways of committing some component of the offense," do not make a statute divisible and the categorical approach must be applied.  *Mathis*, 136 S. Ct. at 2253.  This does not, however, stop the Court from finding the statute is divisible based on other language in K.S.A. § 21-3715(c).  As discussed above, the modified categorical approach was appropriate to determine whether Defendant intended to "commit a felony, theft or sexual battery therein." K.S.A. § 21-3715(c). Given Defendant's intent to commit theft, theft within the meaning of the statute must be compared to the generic definition of theft, not the generic definition of burglary.

[30] No. 13-10130-JTM, 2017 WL 25388, at *2 (D. Kan. Jan. 3, 2017).

[31] *Mathis*, 136 S. Ct. at 2250 (using the generic definition of burglary from *Taylor*).

However, Defendant's conviction is also considered a theft offense, so the Court next decides whether theft within the meaning of K.S.A. § 21-3715(c) is "the same or narrower" than the generic definition of theft or attempted theft. Theft is an element of K.S.A. § 21-3715.[32] Theft is defined in Kansas as "obtaining or exerting unauthorized control over property with the intent to permanently deprive the owner of the use or benefit of the property."[33] The generic definition of "theft offense," as it is used in 8 U.S.C. § 1101(a)(43)(G), "is a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent."[34] And the generic definition of "attempt" is an intent to commit a crime and the commission of an act which constitutes a substantial step toward commission of that crime.[35]

A side-by-side comparison of the elements of theft within the meaning of K.S.A. § 21-3715(c) with generic theft reveals that the offenses are substantially similar:

| Federal Generic Theft | Theft Within K.S.A. § 21-3715(c) |
|---|---|
| Taking of property or exercise of control over property without consent | Obtaining or exerting unauthorized control over property |
| With the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent | With the intent to permanently deprive the owner of the use and benefit of the property |

Like in *Venzor-Granillo*, the elements of theft within the meaning of K.S.A. § 21-3715(c) substantially correspond to the elements of the generic offense of attempt to commit theft. Defendant, therefore, necessarily admitted all the elements of the generic offense of attempt to commit theft in his conviction for automobile burglary under K.S.A. § 21-3715(c). Thus,

---

[32] *State v. Hargrove*, 293 P.3d 787, 794 (Kan. 2013) (holding a burglary instruction to be erroneous where it failed to include for the jury's consideration the elements of theft) (citations omitted).

[33] *State v. Potts*, 374 P.3d 639, 647 (Kan. 2016) (citing K.S.A. § 21-5801(a)(1) when defining theft in the context of the 2012 aggravated burglary statute).

[34] *Venzor-Granillo*, 668 F.3d at 1232 (citing *United States v. Vasquez–Flores*, 265 F.3d 1122, 1125 (10th Cir. 2001)).

[35] *Id.* (citing *United States v. Cornelio–Pena*, 435 F.3d 1279, 1286 (10th Cir. 2006)).

Defendant's prior conviction constituted an attempt to commit a theft offense, meriting the imposition of the eight-level sentence enhancement under the 2015 U.S.S.G. § 2L1.2(b)(1)(C).

**3.      Conclusion**

Because § 2L1.2(b)(1)(C) is applicable under the 2015 U.S.S.G., Defendant's adjusted offense level is properly calculated at 16.  Under the 2016 U.S.S.G., Defendant's adjusted offense level is also calculated at 16.  Because the 2016 U.S.S.G. results in the same adjusted offense level, the 2016 U.S.S.G. should be applied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Objection Number One to the PSR is **overruled**.

**IT IS SO ORDERED.**

Dated: August 18, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE